IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL AARON-BRUSH and GINGER AARON-BRUSH,<br><br>*Plaintiffs*,<br><br>vs.<br><br>LUTHER STRANGE in his official capacity as Attorney General of Alabama, *et al.*,<br><br>*Defendants*. | Case No.: 2:14-cv-01091-RDP |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES, EXPENSES AND NON-TAXABLE COSTS

Plaintiffs file this Memorandum in Support of Entitlement to Attorneys' Fees, Expenses and Non-Taxable Costs to establish entitlement to such an award. Plaintiffs do not address the amount of fees, expenses, and costs requested.[1]

The Civil Rights Attorney's Fees Awards Act of 1976, codified at 42 U.S.C. § 1988, provides, in pertinent part, that "in any action or proceeding to enforce a provision" of specified civil rights statutes, "the court, in its discretion, may allow the

---

[1] In addition to taxable costs pursuant to 28 U.S.C. § 1920, Plaintiffs are entitled to all nontaxable expenses pursuant to 42 U.S.C. § 1988. *See Dowdell v City of Apopka,* 698 F.2d 1181, 1192 (11th Cir. 1983) (all reasonable expenses with the exception of routine overhead, may be taxed as costs under § 1988).

1

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In this action, brought pursuant to 42 U.S.C. § 1983, such fees are appropriate to enforce federal constitutional rights. As prevailing parties, the Plaintiffs should be awarded attorneys' fees as part of the costs. *See* Order of Dismissal, Doc. #44 at 4 (taxing costs against Defendants); *see also* Status Conference Transcript (July 13, 2015, copy attached) at 20, lines 5-7 ("I am going to assess costs against the defendants. I've already decided that."). As fees are taxed as part of the costs under § 1988, Plaintiffs are entitled to such an award.

## I.   MOOTNESS DOES NOT PRECLUDE AN AWARD OF ATTORNEY'S FEES

Attorneys' fees may be awarded even if the case is moot. A "determination of mootness neither precludes nor is precluded by an award of attorneys' fees. The attorneys' fees question turns instead on a wholly independent consideration: whether plaintiff is a 'prevailing party.'" *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980);[2] *see Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1556 (11th Cir. 1987), *Fields v. City of Tarpon Springs, Fla.*, 721 F.2d 318, 321 (11th Cir. 1983), *Perry v. Golub*, No. 75-G-1476-S, 1980 WL 298, at *6 (N.D. Ala. Dec. 16, 1980). *Doe v. Marshall* was cited as recently as October 16, 2015. *Mars Area Sch. Dist. v. C.L. ex rel. K.B.,*

---

[2]   The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981, and all Former Fifth Circuit Unit B and non-unit decisions rendered after October 1, 1981. *See Stein v. Reynolds Secur., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

No. 2:14-CV-1728, 2015 WL 6134116, at *7 (W.D. Pa. Oct. 16, 2015). Courts in nearly every circuit (including the Eleventh Circuit) accept that mootness does not preclude an entitlement to attorney's fees. *See Kansas Judicial Watch v. Stout*, 653 F.3d 1230 (10th Cir. 2011); *Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008); *Dupuy v. Samuels*, 423 F.3d 714 (7th Cir. 2005); *Richard S. v. Department of Developmental Services of State of California*, 317 F.3d 1080 (9th Cir. 2003); *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1556 (11th Cir. 1987); *Monahan v. State of Neb.*, 687 F.2d 1164 (8th Cir. 1982); *Stuart By and Through Stuart v. Nappi*, 610 F. Supp. 90 (D. Conn. 1985). Since mootness does not prevent the *Aaron-Brush* Plaintiffs from receiving attorneys' fees, the Plaintiffs need only qualify as the prevailing parties.

## II. PLAINTIFFS QUALIFY AS THE PREVAILING PARTIES

The benchmark of the prevailing party analysis is the "material alteration of the legal relationship of the parties in a manner that Congress sought to promote in the fee statute." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) (quoting *Sole v. Wyner*, 551 U.S. 74 (2007) (internal quotation marks omitted); *see also Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791-92 (1989) (to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant)). A material alteration in the parties' legal relationship occurs when the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit the plaintiff sought in bringing suit. *See Common Cause/Georgia v. Billups*. The Supreme Court has held that:

3

> A plaintiff must be a "prevailing party" to recover an attorney's fee under § 1988. The standard for making this threshold determination has been framed in various ways. A typical formulation is that plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal citations omitted). This standard requires that a plaintiff receive "at least some relief on the merits of his claim" before the plaintiff can be said to prevail. *Common Cause/Georgia v. Billups*, 554 F.3d at 1356 (quoting *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)). And the prevailing party "need not obtain relief identical to the relief [that it] specifically demanded, as long as the relief obtained is of the same general type." *Ensley Branch, N.A.A.C.P. v. Seibels*, 31 F.3d 1548, 1583 (11th Cir. 1994) (internal quotation marks omitted).

Overall, the Supreme Court has given a "generous formulation" to the term "prevailing party." *Hensley v. Eckerhart*, 461 U.S. at 433.

### A.   Background of *Aaron-Brush* Plaintiffs as the Prevailing Parties

A material alteration of the legal relationship of the parties occurred for the Plaintiffs in *Aaron-Brush*. Once the Plaintiffs received what they desired from the litigation (and which they had previously been denied), the legal relationship was materially altered between the parties. All Defendants – Luther Strange, Julie Magee, and John Richardson – complied with the Court's directive made at the status conference on July 13, 2015, and gave notice of their compliance as directed by the

4

Court.[3] *See* Notice, Doc. # 28, Status Conference Transcript at 19, lines 3-6. The Court's directive at the status conference stated that the Plaintiffs tax returns should be amended (Status Conference Transcript at 17, line 1 to 18, line 11); *see* Doc. # 28-1 (Department of Revenue Letter)) and their driver's licenses should be properly changed. Transcript at 18, line 23 to 19, line 2. Further, the Plaintiffs have obtained a corrected birth certificate and their adoption has been recognized. *See* Doc. # 43. Therefore, the Plaintiffs obtained the "relief sought" when they were able to receive new driver's licenses reflecting their legal name, corrected birth certificates, recognition of their adoption, and permission to file a joint tax return in the same manner as any other married couple. *See* Notice, Doc. # 28; Joint Status Report, Doc. # 43.

### B.   *Sole v. Wyner* Does Not Apply

*Sole v. Wyner* does not preclude an award of fees. In *Sole*, the plaintiff obtained a preliminary injunction, later dissolved on the merits. Once the preliminary injunction was dissolved, the plaintiff was no longer the "prevailing party" because the final decision had reversed her prior achievement. 551 U.S. at 83. Thus, the plaintiff was not entitled to receive attorney's fees. *Id.* The *Aaron-Brush* Plaintiffs

---

[3]   The Court further directed Defendants to acknowledge and commit to being bound by *Obergefell*. *See* Status Conference Transcript at 19, lines 3-6. When Defendants complied, Plaintiffs received further relief in the form of a public commitment that Defendants are bound by *Obergefell*. *See* Doc. # 28 at ¶ 1. While *Obergefell* is binding precedent, it did not directly rule on Alabama's constitutional and statutory provisions challenged in this litigation.

remain the prevailing parties precisely because they obtained the relief sought, and that relief was not undone as in *Sole*. Consequently, the *Aaron-Brush* Plaintiffs are still the prevailing parties entitled to an award of attorneys' fees.

### C. *Buckhannon* Does Not Preclude Fees for Plaintiffs

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001), does not preclude an award of fees here. Plaintiffs do not claim that they are the prevailing parties under the catalyst theory rejected by *Buckhannon*. Rather, Plaintiffs claim that the Court's directive which provided Plaintiffs with relief on the merits created the "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *See id.* at 604. Thus, *Buckhannon* supports Plaintiffs' claim to entitlement. Plaintiffs are prevailing parties for an award of attorneys' fees, pursuant to § 1988 despite the Court's decision that the case is moot.

### D. Plaintiffs Only Need a "Material Change" in the Legal Relationship for Prevailing Parties Status

In one "prevailing party" case, Westboro Baptist Church (WBC) wanted to participate in "anti-homosexual protests" at a military funeral in Kentucky. *McQueary v. Conway*, 614 F.3d 591, 595 (6th Cir. 2010). WBC brought an action under 42 U.S.C. § 1983 against the Attorney General of the Commonwealth of Kentucky, alleging that a Kentucky law placing limits on protests at military funerals violated WBC's free speech rights under the First and Fourteenth Amendments. *Id.*

6

at 602. After the court granted plaintiff's motion for a preliminary injunction enjoining enforcement of the law, Kentucky repealed the relevant provisions of the statute. *Id.* at 595. The United States District Court for the Eastern District of Kentucky, 634 F.Supp.2d 821, dismissed the lawsuit as moot and denied the plaintiff's request for attorney's fees. 614 F.3d at 596. WBC appealed. *Id.* The Sixth Circuit held that since the WBC directly benefited from the court's order, as required for prevailing party status, the WBC was considered a prevailing party for the authorization of attorney's fees. *Id.* at 598-602. The *Aaron-Brush* Plaintiffs are like the WBC, because the WBC could demonstrate they received the relief sought, which the court considers a material change.

As described in *McQueary*, the Supreme Court requires a "material change" in the legal relationship. *Sole*, 551 U.S. at 82, 86. A material change "directly benefits" a plaintiff by modifying the defendant's behavior toward her. *Farrar v. Hobby*, 506 U.S. 103, 111, (1992); *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. at 792. If protestors seek to "demonstrate at a Saturday parade [and they receive] all the court-ordered relief they need and the end of the parade will moot the case[, i]n what way are such claimants not prevailing parties? We think they are." *McQueary v. Conway*, 614 F.3d at 599. Since the WBC was able to obtain a "material change," the WBC was entitled to an award of attorney's fees. *Id.* at 598. The Commonwealth of Kentucky argued that, since the action was moot (the law was changed), the WBC should be denied attorney's fees. *Id.* at 595. The court disagreed because once the plaintiffs received the relief they sought, there was a material

7

change in their legal position. *See id.* at 598-99. Even though the relevant part of the statute had been repealed, thus making the case moot, the WBC still received the relief sought, so the WBC was awarded attorney's fees. *See id.* at 600.

A similar "material change" in the legal relationship occurred for the Plaintiffs in *Aaron-Brush*. Once the Plaintiffs received what they sought by filing this lawsuit (and which they had previously been denied by Defendants), the legal relationship was changed between the parties. The Defendants' compliance with the Court's directive made at the status conference on July 13, 2015, brought about that change. *See* Doc. # 28, Doc. #43. The Plaintiffs obtained the "relief sought" when they were able to receive new STAR drivers' licenses based in part upon their Massachusetts marriage, recognition of their adoption with the State's issuance of a new birth certificate, and were able to file amended joint tax returns (back to the date of their marriage) in the same manner as any other married couple. *Id*. As in *McQueary*, the ruling of mootness of this case does not prevent the Plaintiffs from keeping their status as the prevailing parties.

### E.  Plaintiffs Do Not Need to Prevail on All the Issues, Only on Any Significant Issue

The Supreme Court does not require that a plaintiff prevails on all the issues to obtain prevailing party status. The Supreme Court allows fee awards "where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 citing S.Rep. No. 94-1011, p. 5 (1976); *see also*

8

H.R.Rep. No. 94-1558, p. 8 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912 (internal quotations omitted). Once a party "has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind." 489 U.S. at 791-92 (internal citations omitted). The *Aaron-Brush* Plaintiffs have crossed this threshold since they have succeeded on all the important issues underlying their lawsuit. Having achieved substantially complete relief on their claims, Plaintiffs are entitled to a fully compensatory fee award. *See Hensley v. Eckerhart*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. … The result is what matters.").

For example, in *Kelly v. Corrigan*, the plaintiffs brought a putative class action against the director of the Michigan Department of Human Services (DHS), alleging due process violations arising from adequacy of notices sent before termination of benefits under the Family Independence Program. 890 F. Supp. 2d 778, 780 (E.D. Mich. 2012). Once the DHS sent out new notices following a temporary restraining order, the plaintiffs received what they initially desired. *Id.* at 781. Therefore, the *Kelly* plaintiffs were considered the "prevailing parties" for § 1988 attorney-fee purposes. *Id.* at 783. As the Supreme Court has held, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. at 433. Like the defendant DHS director in *Kelly*, who followed the court's order by sending out new notices, the Defendants in *Aaron-Brush*

9

followed the Court's directive by ensuring that the Plaintiffs received new licenses and confirming that the Plaintiffs' amended joint tax returns were accepted.

### F. The Court's Directive was a Judicial Imprimatur for a Change in the Legal Relationship between the Parties

The Court's directive provided the judicial imprimatur for the change in the legal relationship between the parties. To receive prevailing party status the Eleventh Circuit requires either "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (*per curiam*) (internal quotation marks omitted) (emphasis omitted). The Plaintiffs have already shown that the Court has given (1) relief on the merits of their claims, but the Plaintiffs can also show (although it is not necessary) that the Court's directive provided (2) a judicial imprimatur on the change in the legal relationship between the parties, because the Defendants complied with the Court's directive and gave notice of their compliance.[4] Doc. # 28. *See Buckhannon Bd. & Care Home, Inc. v. W.*

---

[4] There is little doubt that Defendants will claim that they would have taken these actions regardless but hindsight is always 20-20. The fact remains that the Court directed the Defendants to provide relief to Plaintiffs on matters which they had previously been denied. The Defendants then complied with the Court's directive, including reporting their compliance to the Court. The Court later required the parties to file a joint status report on any "relief Plaintiffs claim they should be entitled to from Defendants," Doc. # 42, and the parties complied. *See* Doc. # 43. Prior to the Court's directive to act, Defendants had taken no steps to provide such relief to Plaintiffs.

10

*Virginia Dep't of Health & Human Res.*, 532 U.S. at 605. The Court's directive to Defendants ensured that Plaintiffs obtained the relief they had sought. As *Haddad v. Dudek* explains, "the change in status was not the result of a voluntary change in behavior on behalf of Defendants. Rather, Defendants' [behavior changed] because of the court-ordered preliminary injunction." No. 3:10-CV-414-J-34TEM, 2011 WL 7293403, at *6 (M.D. Fla. Oct. 20, 2011) report and recommendation adopted as modified, 2012 WL 473839 (M.D. Fla. Feb. 2, 2012). Like *Haddad*, the Defendants in *Aaron-Brush* changed their behavior in accordance with the Court's directive and granted Plaintiffs the relief they sought.

### G. The Court's Directive is the Functional Equivalent of a Consent Decree

The Court's directive serves as the functional equivalent to the entry of a consent decree, and under the standard set forth in *Buckhannon*, Plaintiffs are the prevailing parties. In *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, the catalyst theory was rejected and the Court required a "material alteration of the legal relationship of the parties" for prevailing party status. 532 U.S. at 604-05 (citing *Texas St. Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. at 792-93). There has been a material alteration between Plaintiffs and Defendants in this case as direct result of this Court's directive to Defendants.

The Court in *Buckhannon* specified that the material alteration of the legal relationship requires a judicial sanction or judicial imprimatur, noting that judgments on the merits and consent decrees create such material alterations. 532

11

U.S. at 604. But the Court held "the 'catalyst theory' falls on the other side of the line from these examples [because it] allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id*. at 605.

But *Buckhannon* did not limit prevailing party status to cases determined only through a consent decree or final judgment on the merits. Instead, *Buckhannon* contained standards to guide whether there is a judicially sanctioned, material change in the legal relationship of the parties. *Id*. The Court highlighted judicial approval and oversight, as well as enforcement jurisdiction as some of the criteria to be considered. *Id*. at 604 n. 7.

This case comprises a Court's directive regarding the treatment of a same-sex couple. *See* Notice, Doc. # 28, Status Conference Transcript at 19, lines 3-6; Status Conference Transcript at 17, line 1 to 18, line 11; Doc. # 28-1 (Department of Revenue Letter). The required jurisdiction, oversight, and approval from *Buckhannon* are all present. The Eleventh Circuit agrees with this interpretation of *Buckhannon*:

> In saying that "a party is not a prevailing party for the purposes of the ADA unless they obtain either (1) a judgment on the merits or (2) a court ordered consent decree," the district court interpreted *Buckhannon* to stand for the proposition that a plaintiff could be a "prevailing party" *only* if it achieved one of those two results. That reading of *Buckhannon*, however, is overly narrow. Indeed, the Court did not say that those two resolutions are the only sufficient bases upon which a plaintiff can be found to be a prevailing party. *See Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002) ("We doubt that the Supreme Court's guidance in *Buckhannon* was intended to be interpreted so restrictively as to require that the words 'consent decree' be used explicitly."); *Nat'l Coalition for Students with Disabilities v. Bush*, 173 F.Supp.2d 1272, 1278 (N.D. Fla. 2001) ("The Supreme Court's discussion of consent decrees and private settlements fell short of a *holding* that fees may not be recovered only if there is a consent decree, not a mere private settlement." (emphasis in original)). Rather, the Court used those examples to show "the 'catalyst

theory' falls on the other side of the line" from cases in which plaintiffs should be considered "prevailing parties." *Buckhannon*, 532 U.S. at 604–05, 121 S.Ct. at 1840. Indeed, while observing that either a judgment on the merits or a consent decree clearly are sufficient to make the plaintiff a "prevailing party," the essential test established by the Court requires the plaintiff to achieve a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605, 121 S.Ct. at 1840.

*American Disability Ass'n, Inc., v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) (emphasis in original). *Buckhannon* does not "require that the words 'consent decree' be used explicitly." *Smyth v. Rivero*, 282 F.3d at 281 (cited by the Eleventh Circuit in *Chmielarz*, 289 F.3d at 1319). This interpretation of *Buckhannon* by the Eleventh Circuit demonstrates that the *Aaron-Brush* Plaintiffs are the prevailing parties.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs are entitled to an award of fees, expenses and non-taxable costs incurred in the litigation pursuant to 42 U.S.C. § 1988. The award should fully compensate Plaintiffs for all the time its attorneys reasonably expended on the litigation at reasonable hourly rates without any reduction to the lodestar.

Respectfully submitted,

| | |
|---|---|
| *s/ Randall C. Marshall* <br> Randall C. Marshall (ASB-3023-A56M) <br> Avery C. Livingston (ASB-3780-G22R) <br> ACLU of Alabama Foundation <br> P.O. Box 6179 <br> Montgomery, AL 36106-0179 <br> 334-265-2754 <br> rmarshall@aclualabama.org <br> alivingston@aclualabama.org <br><br> Chase Strangio** <br> James Esseks** <br> ACLU Foundation <br> 125 Broad Street, 18th Floor <br> New York, New York 10004 <br> 212-284-7320 <br> cstrangio@aclu.org <br> jesseks@aclu.org <br><br> ** Admitted *pro hac vice*. | Wendy Brooks Crew  (ASB-5609-e42w) <br> The Crew Law Firm <br> 2001 Park Pl Ste 550 <br> Birmingham, AL 35203-2714 <br> 205-326-3555 <br> wbcrew4@aol.com <br><br> Joel E. Dillard (ASB-5418-R62J) <br> Baxley, Dillard, McKnight & James <br> 2008 Third Avenue South <br> Birmingham, Alabama  35233 <br> 205-271-1100 <br> JDillard@BaxleyDillard.com <br><br> Joshua S. Segall (ASB-9123-O78S) <br> Post Office Box 4236 <br> Montgomery, AL 36103 <br> 334-324-4546 <br> Joshua.segall@segalllaw.net <br><br> Robert D. Segall (ASB-7354-E68R) <br> Copeland, Franco, Screws & Gill, P.A. <br> P.O. Box 347 <br> Montgomery, Alabama 36101-0347 <br> 334-834-1180 <br> segall@copelandfranco.com <br><br> Edward Still (ASB-4786-i47w) <br> Edward Still Law Firm LLC <br> 429 Green Springs Hwy, STE 161-304 <br> Birmingham, AL 35209 <br> 205-320-2882 <br> still@votelaw.com <br><br> Cooperating Attorneys for the ACLU of Alabama Foundation |

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record for defendants:

James W. Davis (ASB-4063-I58J)
Laura E. Howell (ASB-0551-A41H)
Assistant Attorneys General

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
(334) 353-8440 (fax)
jimdavis@ago.state.al.us
lhowell@ago.state.al.us

Attorneys for Defendants Bentley,
Strange, Magee, and Richardson

David B. Byrne, Jr.
Chief Legal Advisor
STATE OF ALABAMA
OFFICE OF THE GOVERNOR
Alabama State Capitol
600 Dexter Avenue, Ste. NB-05
Montgomery, Alabama 36130
(334) 242-7120
david.byrne@governor.alabama.gov

Additional Counsel for Governor Bentley

J. Haran Lowe
Timothy L. McCollum
STATE OF ALABAMA
DEPARTMENT OF PUBLIC SAFETY
Legal Unit
P.O. Box 1511
Montgomery, AL 36102-1511
(334) 242-4392
haran.lowe@dps.alabama.gov
tim.mccollum@dps.alabama.gov

Additional Counsel for Defendant Richardson

/s Randall C. Marshall

Randall C. Marshall