IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL AARON-BRUSH and GINGER AARON-BRUSH, <br><br> *Plaintiffs*, <br><br> vs. <br><br> LUTHER STRANGE in his official capacity as Attorney General of Alabama, *et al.*, <br><br> *Defendants*. | Case No.: 2:14-cv-01091-RDP |

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES, EXPENSES AND NON-TAXABLE COSTS

As Plaintiffs anticipated, Defendants assert that the actions they took complied with the Supreme Court's decision in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015), not because of this litigation. *See*: Plaintiffs' Memorandum, Doc. # 50 at 10, n.4; Defendants' Response, Doc. # 52 at 1. But Defendants' *subjective* reasons for complying with the Court's directive to take action to afford Plaintiffs the relief they had sought by suing are irrelevant to the legal analysis of whether Plaintiffs are prevailing parties for purposes of 42 U.S.C. § 1988.

The parties understood the Court directed them to take specific action and they did so *in response to* the Court's directive. The Defendants certainly understood what was required of them. *See* Doc. # 28 at 1: Defendants "in compliance with the Court's directive made at a status conference on July 13, 2015, … ."

1

Under Defendants' theory, they were under no obligation to take any action. They could have claimed, but didn't, that *Obergefell* was the final answer and that if Plaintiffs wanted any relief, it was entirely in their hands and the case should be dismissed forthwith. Yet *Obergefell* placed no legal obligation on Defendants to do anything.[1] While *Obergefell* was binding precedent that would dictate the outcome of this case, it did not directly rule on Alabama's constitutional and statutory provisions challenged in this litigation because those provisions were not before the Supreme Court. The result of this Court's directive, complied with by Defendants, was a binding commitment to comply with the outcome of *Obergefell* without further litigation and to provide Plaintiffs with the relief they had sought.

It is understandable that Plaintiffs had serious concerns that the Defendant state officials' behavior would not change after *Obergefell*. In Alabama, officials have often refused to voluntarily comply with persuasive court precedent. *See* Howard M. Wasserman, *Crazy in Alabama: Judicial Process and the Last Stand Against Marriage Equality in the Land of George Wallace*, 110 NW. U. L. Rev. Online 201 (2015).[2] After *Obergefell*, "voluntary compliance with precedent (without a further

---

[1] The Eleventh Circuit did not affirm the permanent injunction entered in *Searcy v. Strange*, 81 F.Supp.3d 1285 (S.D. Ala. 2015), until August 20, 2015, *see* Order, No. 15-10295 (11th Cir.), and the preliminary injunction against Alabama's probate court judges entered in *Strawser v. Strange*, --- F.Supp.3d ----, 2015 WL 2449468 (S.D. Ala. May 21, 2015), until October 20, 2015, *see* Order, No. 15-12508 (11th Cir.). Indeed, a conflicting mandamus order from the Alabama Supreme Court remains in effect to this day (although ignored by all Alabama probate court judges who are issuing marriage licenses). *See Ex parte State ex rel. Alabama Policy Institute*, --- So.3d ----, 2015 WL 892752 (Ala. March 3, 2015).

[2] Available at:

court order) is not compelled." Josh Blackman and Howard M. Wasserman, *The Process of Marriage Equality*, FIU Legal Studies Research Paper No. 15-28 (2015).[3] And earlier, probate court judges were advised not to comply with Judge Granade's order in *Searcy v. Strange* unless they were named as defendants. *See Alabama Probate Judges Association Says Not to Issue Marriage Licenses to Same-Sex Couples on Monday*, AL.com (Jan. 25, 2015).[4] The Court's directive became the only *objective* way the *Aaron-Brush* Plaintiffs could ensure that they obtained the relief they sought.

The Court's directive, and the parties' compliance with that directive, produced a material alteration of the legal relationship between the parties. That change is sufficient for Plaintiffs to cross the threshold of an entitlement to an award of attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (Supreme Court has given a "generous formulation" to the term "prevailing party").

For that reason, and the reasons set forth in Plaintiffs' Memorandum, Doc. # 50, Plaintiffs are entitled to an award of fees, expenses and non-taxable costs incurred in the litigation under 42 U.S.C. § 1988.

---

http://www.northwesternlawreview.org/online/crazy-in-alabama (last visited November 20, 2015).

[3] Available at: http://papers.ssrn.com/sol3/papers.cfm?abstract_id=2641943 (last visited November 20, 2015).

[4] Available at: http://www.al.com/news/mobile/index.ssf/2015/01/alabama_probate_court_judges_gay_marriage.html (last visited November 20, 2015).

Respectfully submitted,

| | |
|---|---|
| *s/ Randall C. Marshall*<br>Randall C. Marshall (ASB-3023-A56M)<br>Avery C. Livingston (ASB-3780-G22R)<br>ACLU of Alabama Foundation<br>P.O. Box 6179<br>Montgomery, AL 36106-0179<br>334-265-2754<br>rmarshall@aclualabama.org<br>alivingston@aclualabama.org<br><br>Chase Strangio**<br>James Esseks**<br>ACLU Foundation<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>212-284-7320<br>cstrangio@aclu.org<br>jesseks@aclu.org<br><br>** Admitted *pro hac vice*. | Wendy Brooks Crew (ASB-5609-e42w)<br>The Crew Law Firm<br>2001 Park Pl Ste 550<br>Birmingham, AL 35203-2714<br>205-326-3555<br>wbcrew4@aol.com<br><br>Joel E. Dillard (ASB-5418-R62J)<br>Baxley, Dillard, McKnight & James<br>2008 Third Avenue South<br>Birmingham, Alabama 35233<br>205-271-1100<br>JDillard@BaxleyDillard.com<br><br>Joshua S. Segall (ASB-9123-O78S)<br>Post Office Box 4236<br>Montgomery, AL 36103<br>334-324-4546<br>Joshua.segall@segalllaw.net<br><br>Robert D. Segall (ASB-7354-E68R)<br>Copeland, Franco, Screws & Gill, P.A.<br>P.O. Box 347<br>Montgomery, Alabama 36101-0347<br>334-834-1180<br>segall@copelandfranco.com<br><br>Edward Still (ASB-4786-i47w)<br>Edward Still Law Firm LLC<br>429 Green Springs Hwy, STE 161-304<br>Birmingham, AL 35209<br>205-320-2882<br>still@votelaw.com<br><br>Cooperating Attorneys for the ACLU of Alabama Foundation |

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record for defendants:

| | |
|---|---|
| James W. Davis (ASB-4063-I58J)<br>Laura E. Howell (ASB-0551-A41H)<br>Assistant Attorneys General<br><br>STATE OF ALABAMA<br>OFFICE OF THE ATTORNEY GENERAL<br>501 Washington Avenue<br>Montgomery, Alabama 36130-0152<br>(334) 242-7300<br>(334) 353-8440 (fax)<br>jimdavis@ago.state.al.us<br>lhowell@ago.state.al.us<br><br>Attorneys for Defendants Bentley,<br>Strange, Magee, and Richardson | David B. Byrne, Jr.<br>Chief Legal Advisor<br>STATE OF ALABAMA<br>OFFICE OF THE GOVERNOR<br>Alabama State Capitol<br>600 Dexter Avenue, Ste. NB-05<br>Montgomery, Alabama 36130<br>(334) 242-7120<br>david.byrne@governor.alabama.gov<br><br>Additional Counsel for Governor Bentley<br><br>J. Haran Lowe<br>Timothy L. McCollum<br>STATE OF ALABAMA<br>DEPARTMENT OF PUBLIC SAFETY<br>Legal Unit<br>P.O. Box 1511<br>Montgomery, AL 36102-1511<br>(334) 242-4392<br>haran.lowe@dps.alabama.gov<br>tim.mccollum@dps.alabama.gov<br><br>Additional Counsel for Defendant Richardson |

/s Randall C. Marshall

Randall C. Marshall